1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIGNAL HILL SERVICE, INC. , a California Corporation and CARPINTERIA OFFSHORE PROJECT PARTNERSHIP, a California Limited Partnership, <br><br> Plaintiffs, <br><br> vs <br><br> MACQUARIE BANK LIMITED, a bank incorporated under the laws of Australia, <br><br> Defendant. | Consolidated Case Nos:  CV11- 1539 MMM (JEMx) CV11- 3984 <br><br> **[~~PROPOSED~~] FIRST AMENDED STIPULATED PROTECTIVE ORDER PER COURT'S ORDER OF OCTOBER 12, 2011** <br><br> **Hon. John E. McDermott** |

Plaintiffs and Counter-Defendants SIGNAL HILL SERVICE, INC., and

CARPINTERIA OFFSHORE PROJECT PARTNERSHIP and Defendant and

Counterclaimant MACQUARIE BANK LIMITED, and Plaintiffs in the

consolidated action DEVELOPMENT FUNDING ASSOCIATES, LLC and

Defendants MACQUARIE BANK LIMITED (collectively, the "Parties") by and

through their respective counsel, including counsel of record and undersigned

counsel, and subject to this Court's approval, hereby stipulate and agree as follows:

-1-

[PROPOSED] FIRST AMENDED STIPULATED PROTECTIVE ORDER PER COURT'S  10/ 12/ 2011 ORDER
Consolidated Case Nos. CV11-01539 & CV11-03984

## 1.   THE PARTIES

This First Amended Protective Order Per Court Order of October 12, 2011 (henceforth, "the First Amended Stipulated Protective Order"), is entered into by and between the parties to this action, which include plaintiffs Signal Hill Service, Inc. and Carpinteria Offshore Project Partnership (collectively, "Signal Hill") and Development Funding Associates, L.L.C. ("DFA")[1] (Signal Hill and DFA are collectively referred to herein as "Plaintiffs") and defendant and counterclaimant Macquarie Bank Limited (referred to herein as "MBL" or "Defendant").  Plaintiffs and Defendant are sometimes collectively referred to herein as "the Parties."

## 2.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of Confidential Information (as that term is defined in section 3.3 and 3.4, below) for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  The purpose is further to prohibit a Receiving Party from using the Protected Material of a Party that is marked "Confidential" or "Confidential--Attorneys' Eyes Only" to interfere in any way with the business interests, operations and relationships of that Party.

In the Court's Order of October 12, 2011, a true and correct copy of which is attached hereto as **Exhibit A,** the Court recognized that such confidential information is protectable, even when sought from third parties (also referred to herein as "non-parties.")  See, *e.g.,* Court's Order, p. 2, lines 26-28, (discussing Signal Hill's legitimate interest in protecting the Confidential Information that Signal Hill transmitted to non-party World Oil.)  The Court also recognized that the Original Protective Order between Signal Hill and MBL did not appear to adequately protect the Parties' Confidential Information when obtained from non-

---

[1]   DFA's action  against MBL, Case No. CV11-03984 , was consolidated with this case, Case No. CV11-01539, by this Court's Order of June 17, 2011.)

parties.  See Court's Order, p. 2, line 28-30.  The Court's Order governs the production of information pursuant to MBL's subpoenas to non-party World  Oil, (Court Order, p. 3, lines1-12).  The Court also ordered that the Parties amend the Original Protective Order to govern the handling of Confidential Information from Non-Parties going forward, and further ordered that the Amended Protective Order be consistent with the Court's Order governing the World Oil Subpoena document production.  (Court Order, p. 3, lines   described on page 3, lines 13-15, 20-24).)  Accordingly, the parties stipulate to request that the court enter this First Amended Stipulated Protective Order which shall supersede the Original Stipulated Protective Order in this case.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The Parties further acknowledge, as set forth in Section 7.3, below, that this First Amended Stipulated Protective Order creates no entitlement to file confidential information under seal except in accordance with Civil Local Rule 79-5, which sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**3.    DEFINITIONS**

3.1    <u>Party</u>:  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

3.2    <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.3    <u>"Confidential" information or items</u> shall be limited to those materials

that the Parties believe in good faith contain or constitute information that is subject to protection under the Federal Rules of Civil Procedure or other applicable rules as proprietary, trade secret, confidential, private or otherwise commercially sensitive information.  The "Confidential" designation shall not include any material that has been placed in the public domain and/or has been made available as a matter of public record.

3.4    "Highly Confidential- Attorneys' Eyes Only" information or items shall be limited to extremely sensitive "Confidential" information or items the disclosure of which to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

3.5    Receiving Party:   A Party that is allowed an inspection of or receives Disclosure or Discovery Material from a Producing Party.

3.6    Producing Party:  A Party or Non-Party that allows the inspection of or produces Disclosure or Discovery Material in this action.

3.7    Designating Party:  A Party or Non-Party that designates information or items that it allows the inspection of or produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential- Attorneys' Eyes Only."

3.8    Protected Material:  Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential- Attorneys' Eyes Only."

3.9    Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

3.10   House Counsel:  Attorneys who are employees of a Party.

3.11   Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

3.12   Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a current competitor of a Party and who, at the time of

retention, is not anticipated to become an employee of a Party or a competitor of a
Party.  This definition includes a professional jury or trial consultant retained in
connection with this litigation.

3.13   <u>Professional Vendors</u>:  Persons or entities that provide litigation
support services (e.g., photocopying; videotaping; translating; preparing exhibits or
demonstrations; organizing, storing, retrieving data in any form or medium; etc.)
and their employees and subcontractors.

### 4.   **SCOPE**

The protections conferred by this <u>First Amended Stipulated Protective Order</u>
cover not only Protected Material (as defined above), but also (1) any information
copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or
compilations of Protected Material; and (3) any testimony, conversations, or
presentations by Parties or their Counsel that might reveal Protected Material.  The
Parties hereby agree to apprise the court of the need to seal or close portions of the
trial at which Protected Material is to be used, in compliance with the Court's
procedures for maintaining the confidentiality of Protected Material during trial, to
ensure that such Protected Material remains protected under this First Amended
Stipulated Protective Order.

However, the protections conferred by this First Amended Stipulated
Protective Order do not cover the following information:  (a) any information that is
in the public domain at the time of disclosure to a Receiving Party or becomes part
of the public domain after its disclosure to a Receiving Party as a result of
publication not involving a violation of this Order, including becoming part of the
public record through trial or otherwise (but, with regard to publication of the
Protected Material "through trial or otherwise," only if the Party whose Protected
Material is presented at "trial or otherwise" waives the protections afforded by this
First Amended Stipulated Protective Order); and (b) any information known to the
Receiving Party prior to the disclosure or obtained by the Receiving Party after the

1  disclosure from a source who obtained the information lawfully and under no

2  obligation of confidentiality to the Designating Party.  Any use of Protected

3  Material at trial shall be governed by a separate agreement or court order.

4      **5.**    **DURATION**

5      Even after final disposition of this litigation, the confidentiality obligations

6  imposed by this Order shall remain in effect until a Designating Party agrees

7  otherwise in writing or a court order otherwise directs.  Final disposition shall be

8  deemed to be the later of (1) dismissal of all claims and defenses in this action, with

9  or without prejudice; and (2) final judgment herein after the completion and

10  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

11  including the time limits for filing any motions or applications for extension of time

12  pursuant to applicable law.

13      **6.**    **DESIGNATING PROTECTED MATERIAL**

14      6.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

15      Each Party or Non-Party that designates information or items for protection

16  under this Order must take care to limit any such designation to specific material

17  that qualifies under the appropriate standards.  The Designating Party must

18  designate for protection only those parts of material, documents, items, or oral or

19  written communications that qualify, so that other portions of the material,

20  documents, items, or communications for which protection is not warranted are not

21  swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routine

22  designations are prohibited.  Designations that are shown to be clearly unjustified or

23  that have been made for an improper purpose (e.g., to unnecessarily encumber or

24  retard the case development process or to impose unnecessary expenses and burdens

25  on other parties) expose the Designating Party to sanctions.  If it comes to a

26  Designating Party's attention that information or items that it designated for

27  protection do not qualify for protection, that Designating Party must promptly notify

28  all other Parties that it is withdrawing the mistaken designation.

6.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, *e.g.,* second paragraph of section 6.2(a), below and in Section 14 below, or as otherwise stipulated or ordered, material that qualifies for protection under this Order is to be clearly so designated before disclosure or production.  As shown in Section 14 below, special timing of designation provisions and special restrictions apply where Inspection, Disclosure or Discovery is sought from a third party or non-party.   Designation in conformity with this Order requires:

(a)     <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that, except as provided in Section 14 below, the Producing Party, affix, prior to inspection, disclosure or production, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL  - ATTORNEYS' EYES ONLY" on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions) (*e.g.,* by making appropriate markings, such as "REDACTED").  A Party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied and produced.  Prior to the inspection and designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the Receiving Party has identified the material it wants copied and produced, the Producing Party must determine which material, or portions thereof, qualify for protection under this Order, then, before producing the specified material, the Producing Party must affix the appropriate legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") on each page or item that contains Protected Material.

1    In the event that a Party redacts any information from a document, the

2    redacted material shall be labeled "REDACTED" so that it is clear where, or the

3    location where the information was redacted.

4    (b)    For testimony given in deposition or in other proceedings outside of

5    open court or trial, that any party or non-party believes should be designated

6    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

7    ONLY," that Designating Party or non-party shall have a right up to 20 days to

8    identify the specific portions of the testimony as to which protection is sought and to

9    specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

10   CONFIDENTIAL – ATTORNEYS' EYES ONLY").  The 20-day period shall run

11   from the receipt by the Designating Party of the deposition transcript.  Only those

12   portions of the testimony that are appropriately designated for protection within the

13   20 days shall be covered by the provisions of this First Amended Stipulated

14   Protective Order.  The Designating Party shall be required to provide notice to the

15   court reporter detailing those sections of the deposition transcript that are being

16   designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS'

17   EYES ONLY.  To the extent feasible, the court reporter shall separate those sections

18   before producing an official transcript and shall produce the pages designated as

19   CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY in

20   a separately bound section.  If this is not feasible or if the official transcript has

21   already been completed, then the notice from the Designating Party shall be affixed

22   by the court reporter to the official transcript provided to any party.  The parties may

23   agree to waive the 20 day designation period to enable disclosure of the transcript,

24   or portions thereof, to their clients or for use of the transcript, or portions thereof, for

25   non-confidential court filings before the 20 day period has expired.  The parties

26   agree not to withhold agreement unreasonably.  During the 20 day period, the

27   Protected Material that is inspected, disclosed or produced at the deposition shall not

28   be used or disclosed in any way by any Party or their Counsel, but shall be

considered "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" and subject to all the protections that this First Amended Stipulated Protective Order affords to Protected Material that is designated as such.

(c)    For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY.

6.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate information or items as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this First Amended Stipulated Protective Order.

Nothing in this First Amended Stipulated Protective Order shall require production of information which a Party contends is protected from disclosure by the attorney-client privilege or the work product immunity.  If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information.  Compliance with the foregoing shall not prevent the disclosing or receiving party from seeking further relief from the Court.  The parties acknowledge that, by this paragraph, they are not seeking to alter the Federal Rules of Civil Procedure.

# 7.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for maintaining the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

7.3     Judicial Intervention.  A Party that elects to continue a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under L.R. 7-5 (and in compliance with L.R. 7-19, 37, and 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer.  In addition, the parties must file a joint stipulation concerning the matters in dispute as set forth in L.R. 37-2.1 and 37-2.2.

In connection with any motion filed under this provision, the Designating Party shall bear the burden of establishing that the material in question is entitled to the confidentiality designation sought by the Designating Party.

Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

## 8. ACCESS TO AND DISCLOSURE OF PROTECTED MATERIAL

8.1   Basic Principles. A Receiving Party may disclose Protected Material that is produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  In no event, shall any Party's Protected Material be used to damage, interfere with or otherwise impair any other Party.  A Receiving Party is prohibited from using the Protected Material of a Party that is marked "Confidential" or "Confidential--Attorneys' Eyes Only" to interfere in any way with the business interests, operations and relationships of that Party.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, "FINAL DISPOSITION," set forth below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this First Amended Stipulated Protective Order.

8.2   Disclosure of "CONFIDENTIAL" Information or Items.  Except as ordered by the Court in its Order of October 12, 2011, as set forth in Section 14 below, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)   The Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation.

-11-

      (b)     Officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by First Amended Stipulated Protective Order" (**Exhibit B**);

      (c)     Experts (as defined in this First Amended Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by First Amended Stipulated Protective Order" (Exhibit B);

      (d)     The Court and its personnel;

      (e)     Court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation;

      (f)     During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by First Amended Stipulated Protective Order" (Exhibit B) or who have agreed on the record at the deposition to be bound.  If a deposition transcript will contain testimony or exhibits that reveal Protected Material, but has not yet been prepared, pages or depositions that reveal Protected Material must, to the extent possible, be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this First Amended Stipulated Protective Order.

      (g)     The author or an original recipient of a document.

      (h)     Any current employee of a Party or a Party affiliate whose employee was an author or original recipient of a document.

      8.3    <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>.  Except as ordered by the Court in its Order of October 12, 2011, as set forth in Section 14 below, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

(a)     The Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     House Counsel of the Receiving Party to whom it is reasonably necessary to disclose the information for this litigation who has signed the "Agreement to be Bound by First Amended Stipulated Protective Order" (Exhibit B.)

(c)     Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by First Amended Stipulated Protective Order" (Exhibit B),

(d)     The Court and its personnel;

(e)     Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(f)     The author of, the original source for the information within or an original recipient of a document.

(g)     If the parties agree on the record at the deposition, the parties may agree to permit disclosure to witnesses in the action to whom disclosure is reasonably necessary.  If a deposition transcript will contain testimony or exhibits that reveal Protected Material, but has not yet been prepared, pages or depositions that reveal Protected Material must, to the extent possible, be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h)     The author or an original recipient of a document.

(i)     Any current employee of a Party or a Party affiliate whose employee was an author or original recipient of a document.

8.4     <u>Outside Counsel and Experts</u>.  Any Outside Counsel or Expert who has been afforded access to information or items from a Producing Party which has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

EYES ONLY," particularly information or items relating to Producing Party's business, sales and marketing activities, shall not disclose, use or apply such information or items for any purpose other than for work or services performed within the scope of prosecuting, defending, and/or settling this case.

8.5    <u>Parties' Own Confidential Information</u>. Nothing in this Order shall limit a Party's ability to use or disclose its own Protected Material.

## 9.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform, in writing, the non-party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties of the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to maintain its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court relative to its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

/ / / /

10.  **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound By First Amended Stipulated Protective Order" that is attached hereto as Exhibit B.  If a Receiving Party learns that it has received from a Disclosing Party a document or thing that appears on its face to contain privileged material that has been inadvertently disclosed, the Receiving Party shall immediately notify the Disclosing Party of the identity of the material that appears on its face to be privileged.

11.  **<u>FILING PROTECTED MATERIAL</u>**.

Pursuant to Local Rule 79-5, if material designated as "Confidential" or "Highly Confidential- Attorneys' Eyes Only" is included as an exhibit to, or is the subject of examination during a deposition, or is incorporated into or attached to a pleading filed with the Court, arrangements shall be made (a) to file an application in compliance with Local Rule 79 to file the documents under seal, (b) to separately bind those exhibits, as well as confidential portions of the transcript or pleading, and (c) to place them in a sealed envelope on which the following statement is displayed:

> Filed under seal pursuant to the Protective Order dated [INSERT DATE] and contains confidential documents filed m Signal Hill Service, Inc., et al. v. Macquarie Bank Limited, et al., Case No. CV11-01539 MMM (JEMx). It is not to be opened or the contents thereof displayed or revealed except to persons authorized to inspect them.

If the confidential portion of the pleading or transcript cannot be conveniently segregated, the entire pleading or transcript shall be deemed confidential.

**12.**   **FINAL DISPOSITION.**

12.1   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy it.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all Protected Material in pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this First Amended Stipulated Protective Order as set forth in Section 5, "DURATION," above.

**13.**   **MISCELLANEOUS**

13.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**14.     NON-PARTY AS PRODUCING PARTY AND COURT'S ORDER OF OCTOBER 12, 2011**.

Where a Non-Party is the Producing Party, the following rules, set forth in this Court's Order of October 12, 2011 shall apply:

(a)     The Party seeking discovery from a Non-Party shall inform the Non-Party, prior to the Non-Party's compliance with the subpoena, that the Non-Party must make any Inspection, Disclosure or Production simultaneously to all of the Parties in the case;

(b)     The Non-Party's Inspection, Disclosure or Production shall be made on an "Attorneys' Eyes Only" basis, which, with respect to MBL, shall be to MBL's Outside Counsel, Greenberg Traurig, LLP, only, not to MBL's House Counsel; with respect to Signal Hill, it shall be limited to Signal Hill's Outside Counsel, Luna & Glushon and Bergeson, LLP; only, not to Signal Hill's House Counsel.  With respect to DFA, it shall be limited to DFA's Outside Counsel, Myers, Widders, Gibson, Jones & Schneider, LLP, only, not to DFA's House Counsel.

(c)     The Party whose documents, information or materials are being sought from the Non-Party shall have ***15 days,*** from the date of the Non-Party's simultaneous inspection, disclosure or production, to review and mark the documents, information and other material as "Confidential" or "Highly Confidential, Attorneys' Eyes Only," as the case may be.

(d)     The Receiving Party's Outside Counsel may not disclose information that is redacted or marked "Attorneys' Eyes Only" to anyone, particularly including House Counsel.

(e)     A Party's remedy for alleged improper designation is to file a motion challenging the alleged improper designation.

(f)     Any documents, information or materials designated as "Confidential" or "Highly Confidential, Attorneys Eyes Only" shall be used solely for purposes of this litigation.

(g)     The Receiving Party may not use the Protected Material of a Party that is designated as "Confidential" or "Highly Confidential, Attorneys Eyes Only" to interfere in any way with that Party's business interests, operations and relationships.  (see Court's Order, page 2, line 30, page 3, lines 1-19.)

Dated:     October 19, 2011        LUNA & GLUSHON


By:_____/s/ Noemi Cruz_____
     Dennis Luna
     Noemi Cruz
     Attorneys for Signal Hill Services, Inc.
     and Carpinteria Offshore Project
     Partnership

Dated:     October 19, 2011        GREENBERG TRAURIG LLP


By:_____Cindy Hamilton_____
     William J. Goines
     Karen Rosenthal
     Cindy Hamilton
     Attorneys for Macquarie Bank Limited

Dated:     October 19, 2011        MYERS, WIDDERS, GIBSON,
                                   JONES & SCHNEIDER, L.L.P.


By:_____/s/ Charmaine H. Buehner_____
     Erik B. Feingold
     Charmaine H. Buehner
     Attorneys for Development Funding
     Associates, LLC

/ / / /

1
2
3

Dated:        October 19, 2011

BERGESON, LLP

4
5
6
7

By:_____/s/ Carolyn McIntyre_____
Daniel J. Bergeson
Carolyn McIntyre
Attorneys for Signal Hill Services, Inc.
and Carpinteria Offshore Project
Partnership

8

## ATTESTATION CLAUSE

9          I, Charmaine Buehner, am the ECF User whose ID and password are being

10  used to file this [PROPOSED] FIRST AMENDED STIPULATED PROTECTIVE

11  ORDER PER COURT'S ORDER OF OCTOBER 12, 2011.  In compliance with

12  General Order 45, X.B., I hereby attest that Caroline McIntyre, Noemi Cruz and

13  Cindy Hamilton have concurred in this filing.

## ORDER

14

15  PURSUANT TO STIPULATION, IT IS SO ORDERED.

16

17  Dated: October 24, 2011          /s/John E. McDermott_____
                                     HON. JOHN E. MCDERMOTT
18                                   MAGISTRATE JUDGE

19
20
21
22
23
24
25
26
27
28

[PROPOSED] FIRST AMENDED STIPULATED PROTECTIVE ORDER PER COURT'S  10/ 12/ 2011 ORDER
Consolidated Case Nos. CV11-01539 & CV11-03984

# EXHIBIT B

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY FIRST AMENDED STIPULATED PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the consolidated cases of *Signal Hill Service, Inc. et al. v. Macquarie Bank Limited*, *et al.*, Case No. CV11-01539 MMM (JEMx) and *Development Funding Associates, LLC v. Macquarie Bank Limited, et al.*, Case No. CV11-03984 MMM (JEMx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28