Dennis R. Luna, SBN 061954
dluna@lunaglushon.com
Noemí Cruz, SBN 128931
ncruz@lunaglushon.com
Olman J. Valverde, SBN 188884
ovalverde@lunaglushon.com
LUNA & GLUSHON
1801 Century Park East, 24th Floor
Los Angeles CA 90067-2326
Telephone: (310) 556-1444
Facsimile:  (310) 556-0444

Attorneys for Plaintiffs
SIGNAL HILL SERVICE, INC. and
CARPINTERIA OFFSHORE PROJECT PARTNERSHIP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGNAL HILL SERVICE, INC. , a California Corporation and CARPINTERIA OFFSHORE PROJECT PARTNERSHIP, a California Limited Partnership,<br><br>Plaintiffs,<br><br>-vs-<br><br>MACQUARIE BANK LIMITED, an Australian Limited Liability Company,<br><br>Defendant. | Case No: CV11-01539-MMM-(JEMx)<br><br>**STIPULATION FOR PROTECTIVE ORDER ON DOCUMENTS PRODUCED BY THIRD PARTY GLOBAL HUNTER SECURITIES LLC**<br><br>Honorable James E. McDermott<br><br>**Fact Discovery Cutoff**:     02/24/2012<br>**Expert Discovery Cutoff**:  04/06/2012<br>**Pretrial Conference**:          06/04/2012<br>**Trial Date**:                        07/03/2012 |
| AND RELATED CONSOLIDATED ACTION. | |

**STIPULATION FOR PROTECTIVE ORDER**

Signal Hill Service, Inc., and Carpenteria Offshore Project Partnership, Plaintiffs herein, hereby stipulate with Defendant Macquarie Bank Limited ("MBL") to entry by the Court of a protective order encompassing the terms and conditions agreed by the parties as set forth herein.

The stipulation concerns the documents produced by third-party Global Hunter Securities LLC ("Global Hunter") in response to a records subpoena served on it by MBL on or about November 4, 2011.  Global Hunter responded to MBL's subpoena with more than one million documents delivered in a format that is not readily searchable.  Thus, the documents are not reviewable and not usable by the parties in the depositions commencing on January 9, 2012.

Through the stipulated order, the parties seek protection from the Court of their rights to review the documents for confidentiality and relevance prior to the time the documents may be used in depositions in this action.

The Court FINDS that good cause exists to protect the parties so that each party receives a full 15 days to review the documents for confidentiality before their use in depositions and to mark the documents "Confidential" or "Highly Confidential—Attorneys Eyes Only."

The Court FINDS that good cause exists protect the parties because the documents are not reasonably usable currently because of their volume and because they are not readily searchable as produced by Global Hunter.

The Court FINDS further that, even if the parties presently had the benefit of the full 15-day period allotted for confidentiality reviews in First Amended Protective Order[1], that period would not be enough time to conduct a complete review of the documents for confidentiality and relevance.

Accordingly, the Court ORDERS, as follows:

1.     The parties' time to designate documents in the Global Hunter production as Confidential or Highly Confidential under the terms of the First Amended Protective Order is hereby extended to a date 15 days after the party receives from a third party vendor one or more disks with documents that have been culled and rendered word searchable and Bates stamped. If

---

[1]     Specifically, the First Amended Protective Order Per Court Order of October 12, 2011 (Dkt #161) (filed Oct. 24, 2011).

**Stipulation for Order - 1**

the vendor produces on a rolling production basis, then the 15 days shall run separately as to each batch of documents delivered by the vendor.

2. The Global Hunter documents may not be used by MBL in connection with the depositions upcoming next week.

3. MBL may reopen the Russ Howard deposition and one other deposition for a time period not to exceed one hour each and for the limited purpose of examining these witnesses concerning the contents and subject matter contained in documents produced by Global Hunter that were not available from MBL files or from the documents previously produced by Signal Hill or other parties to this action.

4. The New York deposition of David Lazarus is ordered moved to February 15, 2012, and the New York deposition of Keleigh Karl is ordered moved to February 16, 2012, in New York, New York based on the representations of MBL that counsel for Mr. Lazarus has agreed to this change; that Plaintiffs need not re-serve any subpoenas as to these witnesses; and that the previously-served subpoenas will apply to the new dates. The parties are admonished that they are moving these dates breathtakingly close to discovery cut-off and expert designations and that it is critical that they complete these depositions on those later dates.

5. The parties are ordered to use their best efforts to agree on their use of a single vendor in connection with the conversion and search of the Global Hunter files.

SO STIPULATED AND AGREED ON THE 5th day of January, 2012.

s/ Noemí Cruz                                                       (signature page follows)
_____      _____
Noemi Cruz                                                          Cindy Hamilton
Luna and Glushon                                                    Greenberg Traurig
Of counsel for Plaintiffs                                           Of counsel for Defendant

SO ORDERED on this 6th day of January, 2012.

*/s/John E. McDermott*_____
United States Magistrate Judge

**Stipulation for Order - 2**